United States District Court
Southern District of Texas
**ENTERED**
June 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AUSTIN D. BIRDOW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:26-CV-00047 |
| | § | |
| MARK MERY, DDS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 10). The M&R recommends that the Court dismiss without prejudice Plaintiff's claims for money damages against Defendants in their official capacities and dismiss with prejudice Plaintiff's claims against Defendants in their individual capacities. *Id.* at 1. The M&R further recommends that dismissal of this case count as a strike for purposes of 28 U.S.C. § 1915(g). *Id.* at 1–2.

Plaintiff filed objections to the M&R on May 12, 2026. (D.E. 15). When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need

not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 842 F.2d 419, 421 (5th Cir. 1987) (citation and internal quotation marks omitted).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). Furthermore, having previously authorized district courts to expeditiously adopt a magistrate judge's recommendation, *McGill v. Goff*, 17 F.3d 729, 731–32 (5th Cir. 1994) (permitting a district court to adopt a magistrate's recommendation one day after receiving it and before objections were filed), the Fifth Circuit has also authorized district courts to adopt a magistrate judge's recommendation without providing detailed analysis. *See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004) (affirming a district court's two-sentence order adopting a magistrate's recommendation for summary judgment).[1]

After considering Plaintiff's objections and reviewing the M&R de novo, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the findings and conclusions of the M&R. (D.E. 10). Accordingly, the Court **ORDERS** the following:

1. Plaintiff's claims for money damages against Defendants in their official capacity are **DISMISSED without prejudice** as barred by the Eleventh Amendment.

2. Plaintiff's claims against Defendants in their individual capacity are **DISMISSED with prejudice** for failure to state a claim for relief.

---

[1] Specifically, the Fifth Circuit stated that "because the magistrate here made only legal findings on a summary judgment motion, the district court was permitted to issue an abbreviated order adopting [the recommendation]." *Habets*, 363 F.3d at 382. The Court finds that the principles animating the Fifth Circuit's decision apply with equal force here: (1) "the record was available to the district court a full 20 days before the court issued its order"; (2) "the magistrate here made no involved findings of fact . . ."; (3) "the magistrate here provided a thorough analysis to support its recommendation"; and (4) "the district court had a complete record of the magistrate's proceedings." *See id.* (citations omitted).

3. Plaintiff **will not be granted leave to amend** as he was given an opportunity to fully explain his claims at the *Spears* hearing, *see* March 25, 2026 Minute Entry, and further amendment would be futile.

4. A "strike" is **IMPOSED** under 28 U.S.C. § 1915(g). The Clerk of Court **SHALL** send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

The Court will enter a final judgment separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
    June 24, 2026